UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HENRY EARL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04625-TWP-DLP |
| ) | |
| JONATHAN PARKER, ) | |
| ) | |
| Defendant. ) | |

**Order Denying Defendant's Motion to Dismiss and
Correcting Screening Entry to Include a State Law Negligence Claim**

Plaintiff Henry Earl Jones filed a complaint against Defendant Jonathan Parker alleging a violation of his Fourteenth Amendment rights. Now before the Court is the Defendant's First Motion to Dismiss for Failure to State a Claim. "The basis of the Defendant's motion is his assertion of the defense of qualified immunity." Dkt. 19. For the reasons explained below, the motion to dismiss, dkt [19], is **denied.**

**Legal Standard**

When considering a motion to dismiss for failure to state a claim, the Court must construe the complaint "in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the non-moving party's favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead "detailed factual allegations," but the short and plain statement must "give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter that when "accepted as true ... 'state

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570).

"[B]ecause a qualified immunity defense so clearly depends on the facts of a case, a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018) (internal quotations omitted); *Alvarado v. Litscher*, 267 F.3d 648, 651-52 (7th Cir. 2001) ("dismissal at the pleading stage is inappropriate."); *see also Jacobs v. City of Chi.*, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring) ("Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground of dismissal."). Qualified immunity may be appropriate at the pleadings stage if "the plaintiff asserts the violation of a broad constitutional right that has not been articulated at the time the violation is alleged to have occurred." *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (*quoting Jacobs*, 215 F.3d at 765 n.3).

## **The Complaint**

The Complaint alleges that on October 14, 2019, Mr. Jones's cell house at Marion County Jail was searched. At that time, defendant Jonathan Parker instructed Mr. Jones to go to recreation. Mr. Jones was not permitted to take his jail-approved splint (used to support his tendon) with him. Mr. Jones was required to wear the splint for 45 minutes every 2 hours to assist him with recovering from a tendon procedure. When Mr. Jones returned to his cell, the splint was gone. He now requires additional medical procedures and has experienced pain and suffering because of the denial of the splint. Dkt. 1 (Complaint).

The complaint was screened, and the Court concluded that the claim proceeding in this action is that Defendant Jonathan Parker violated Mr. Jones's Fourteenth Amendment rights when

he took his splint while he was incarcerated at the Marion County Jail. Dkt. 8 (Screening Entry). Upon further review, the complaint also asserts a state law negligence claim against Mr. Parker.

## Discussion

As explained in the Screening Entry of December 20, 2019, the constitutional right at issue in this case is the Fourteenth Amendment. This is because Mr. Jones's constitutional rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson*, ––– U.S. ––––, 135 S.Ct. 2466, 2475 (2015) ("a pretrial detainee can prevail by providing objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose."); *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (applying *Kingsley* objective unreasonableness inquiry to pretrial detainee's medical care claim).

Construed liberally, the complaint is understood to allege that Mr. Parker intentionally confiscated Mr. Jones's jail-approved splint (a medical device), and that this confiscation was unreasonable under the circumstances. Further, the unreasonable denial of the splint has caused pain and the need for additional medical procedures, all in violation of the Fourteenth Amendment. Upon further review, the complaint can also be understood to allege a state law negligence claim against Mr. Parker, and the Screening Order is amended to include this claim.

Based on these allegations, the defendant is not entitled to qualified immunity at this point in the litigation. "'In determining whether qualified immunity applies, we look to (1) whether the defendants violated a constitutional right, and (2) whether the constitutional right was clearly established.'" *Broadfield v. McGrath*, 737 F. App'x 773, 775 (7th Cir. 2018) (quoting *Estate of*

*Clark v. Walker*, 865 F.3d 544, 550 (7th Cir. 2017)). As discussed above, the violation of a constitutional right has been alleged.

In conducting the clearly established inquiry, our first task is to consider controlling Supreme Court and Seventh Circuit precedent. *Werner v. Wall*, 836 F.3d 751, 762 (7th Cir. 2016); *Abbott v. Sangamon Cty.*, 705 F.3d 706, 731 (7th Cir. 2013). It is clearly established that refusal to provide an inmate with prescribed medication or to follow the advice of a specialist violates the constitution. *See Wynn v. Southward*, 251 F.3d 588, 594 (7th Cir. 2001) (failure to respond to inmate's request for prescribed heart medication); *see also Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999) (refusal to administer prescribed pain medication); *Jones v. Simek*, 193 F.3d 485, 490–91 (7th Cir. 1999) (failure to follow advice of specialists). It is obviously unreasonable for a non-medical defendant to remove a medical device approved by the jail, because treatment decisions are to be made by medical professionals. *See King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (nonmedical personnel are entitled to defer to the judgment of health professionals so long as they do not ignore the prisoner); *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (explaining that non-medical defendants may rely on the expertise of medical personnel).

Since a Rule 12(b)(6) motion normally is based on the complaint itself, "the plaintiff need only state a claim to relief that is plausible on its face." *Reed*, 906 F.3d at 548. Therefore, all the plaintiff must do is "include enough details about the subject matter of the case to present a story that holds together." *Reed*, 906 F.3d at 548 (internal quotations omitted). That is the case here, and the motion to dismiss, dkt [19], is **denied.** The defendant shall file an Answer within 28-days from the date this Order is issued.

**IT IS SO ORDERED.**

Date:   3/5/2021

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

HENRY EARL JONES
17398-028
BIG SANDY - USP
BIG SANDY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 2068
INEZ, KY 41224

Michael John Sullivan
CITY LEGAL - INDIANAPOLIS
michael.sullivan@indy.gov

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov