UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HENRY EARL JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-cv-04625-TWP-DLP ) |
| JONATHAN PARKER, Deputy | ) ) |
| Defendant. | ) |

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Jonathan Parker ("Deputy Parker") (Dkt. 62). Plaintiff Henry Earl Jones ("Mr. Jones") initiated this action alleging that Deputy Parker caused the loss of Mr. Jones' hand brace when he was in pretrial custody at the Marion County Jail. Mr. Jones brings claims based on the Fourteenth Amendment and Indiana tort law. Because there is no designated evidence from which a reasonable jury could find that Deputy Parker acted purposefully, knowingly, or recklessly as to the loss of Mr. Jones' brace, he is entitled to summary judgment on the Fourteenth Amendment claim. And because a jury could not find that Deputy Parker acted willfully and wantonly or outside the scope of his employment, he is entitled to summary judgment on the Indiana tort claim. For the reasons explained below, Deputy Parker's Motion is **granted**.

### I.      STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(a). Once the moving party has met its burden, "the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015). A disputed fact is material if it might

affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941–42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609–10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The court may rely only on admissible evidence. *Cairel v. Alderen*, 821 F.3d 823, 830 (7th Cir. 2016). Inadmissible hearsay must be disregarded. *Id.*

## II. FACTUAL BACKGROUND

In October 2019, Mr. Jones was a pretrial detainee at the Marion County Jail. Ten years prior, Mr. Jones sustained a gunshot wound to his right hand. (Dkt. 64-2 at 9:23−10:3.) While detained in the Marion County Jail, Mr. Jones wore a brace on his right hand to keep his tendons in place. *Id.* at 10:6−12:11. He was instructed to wear the brace for forty-five minutes every two hours. *Id.* at 12:12−17.

On the morning of October 14, 2019, there was "shakedown search" of Mr. Jones' cell block. *Id.* at 13:19−24; Dkt. 64-7. Nine officers were involved in the search. (Dkt. 64-7.) Deputy Parker conducted a strip search of Mr. Jones in his cell as part of the shakedown search.[1] (Dkt. 64-2 at 14:5−11.) Mr. Jones had been wearing his hand brace, but he removed it for the strip search. *Id.* at 14:10−11. Mr. Jones observed Deputy Parker inspect his brace and return it to

---

[1] Deputy Parker offers a very different account of his role in the shakedown search. (*See* Dkt. 64-3, ¶¶ 22−28.) But for summary judgment purposes, the Court accepts Mr. Jones' version of events as true—at least to the extent that it is based on admissible evidence in the record.

Mr. Jones' desk. *Id.* at 20:12−24. Mr. Jones began to put the brace back on after getting dressed, but Deputy Parker and another officer told Mr. Jones to leave it on the desk. *Id.* at 14:12−17. Deputy Parker told Mr. Jones that the brace would still be there when Mr. Jones returned to his cell. *Id.* at 20:24−25. Another officer arrived and escorted Mr. Jones to the gym. *Id.* at 37:12−15. When Mr. Jones returned to his cell after the search, his brace was gone. (Dkt. 64-2 at 14:18−19.) When Mr. Jones returned to his cell, he observed Deputy Parker in the common area of the cell block "with the rest of the deputies" and a supervisor. *Id.* at 36:6−8.

Deputy Parker contends that he accompanied Mr. Jones and the other inmates from his cell block to the gym and remained there during the shakedown search. (Dkt. 64-3, ¶ 21.) He further asserts that he has no personal knowledge of who searched Mr. Jones' cell *Id.*, ¶ 24. Mr. Jones does not dispute this testimony. (*See* Dkt. 73 at 1−2.)

After the shakedown search, Mr. Jones' brace was missing. (Dkt. 64-2 at 14:18−19.) Mr. Jones filed medical requests and grievances to try to get his brace returned, but it was never recovered. (*See, e.g.*, Dkt. 64-10; Dkt. 64-13.)[2] Instead, medical staff referred Mr. Jones to an outside specialist who provided him with another brace. (Dkt. 64-15; Dkt. 64-16; Dkt. 64-17.)

Marion County Jail policy provides for frequent shakedown searches of inmates and their housing units. (Dkt. 64-4 at 2.) Jail policy also provides that, "Care shall be exercised in conducting searches and inspections to prevent damage and disturbance to inmate quarters and personal effects. Property shall be replaced in an orderly manner after the search or inspection." *Id.*

---

[2] In his grievance submitted on the day of the incident, Mr. Jones reported only that "peices [sic] to my brace" were missing. (Dkt. 64-10.) Similarly, in a healthcare request submitted that same day, Mr. Jones reported that "they took my rubber bands for my hex brace." (Dkt. 64-13.) In his deposition, however, Mr. Jones testified that "My entire brace was taken. They didn't just take the rubber bands." (Dkt. 64-2 at 16:9−10.) Deputy Parker accepts Mr. Jones' deposition testimony on this point for purposes of summary judgment, and the Court does the same. (*See* Dkt. 63 at 3) ("Upon returning to his cell Jones noticed that his brace was missing. He spoke to a Lieutenant but the brace could not be located." (citations omitted)).

### III. DISCUSSION

Mr. Jones does not argue that a reasonable jury could find Deputy Parker confiscated or discarded his hand brace. Instead, he argues that Deputy Parker's instruction to leave the brace in his cell caused it to be confiscated or discarded during the search. (Dkt. 73 at 4) ("But for Dep. Parker's actions, I would still [have] my brace today, establishing a causal connection and displaying Dep. Parker's personal involvement."). Mr. Jones contends that Deputy Parker is liable under the Fourteenth Amendment and Indiana tort law. The Court addresses each claim in turn.

**A.   Fourteenth Amendment**

Jail conditions violate the Fourteenth Amendment if they are "objectively unreasonable and 'excessive in relation to' any legitimate non-punitive purpose." *Hardeman v. Curran*, 933 F.3d 816, 824 (7th Cir. 2019) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). And a defendant is liable for such conditions if he or she "acted purposefully, knowingly, or perhaps even recklessly" in allowing the conditions to arise or persist. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Mr. Jones does not argue that Deputy Parker violated the Fourteenth Amendment by denying him the hand brace during the length of the shakedown search, and rightly so. No reasonable jury could find based on the evidence before the Court that such a short-term deprivation was objectively unreasonable.

Instead, Mr. Jones argues that Deputy Parker's actions caused him to permanently lose his hand brace. (Dkt. 73 at 4−5.) And he may be correct Deputy Parker's actions are a but-for cause of the loss of his hand brace. (*See id.* at 3−4.) But Mr. Jones points to no evidence that Deputy Parker acted purposefully, knowingly, or even recklessly with regard to the possibility of the hand brace being lost or confiscated during the search. On the contrary, Marion County Jail policy is

4

written to protect inmates from such losses. (Dkt. 64-4 at 2 ("Care shall be exercised in conducting searches and inspections to prevent damage and disturbance to inmate quarters and personal effects. Property shall be replaced in an orderly manner after the search or inspection.").)

Because a reasonable jury could not find that Deputy Parker acted purposefully, knowingly, or recklessly with regard to Mr. Jones' deprivation, Deputy Parker is entitled to summary judgment on Mr. Jones' Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353. Because the Court finds in Deputy Parker's favor on the constitutional question, it need not address his qualified immunity argument. (*See* Dkt. 63 at 9−10.)

**B.**     **State Law Negligence**

Mr. Jones argues that Deputy Parker is liable for his alleged negligence under Indiana tort law. Deputy Parker counters that Mr. Jones' negligence claim is barred by the Indiana Tort Claims Act, which provides that

> [a] lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is:
>
>   (1) criminal;
>
>   (2) clearly outside the scope of the employee's employment;
>
>   (3) malicious;
>
>   (4) willful and wanton; or
>
>   (5) calculated to benefit the employee personally.

Ind. Code. § 34-13-3-5(c); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 648 (7th Cir. 2016) ("[T]he Indiana Tort Claims Act confers on public employees a broad immunity from suit for acts committed within the scope of their employment.").

Mr. Jones points to no evidence that Deputy Parker's actions were criminal, outside the scope of his employment, malicious, willful and wanton, or intended for his own benefit. Deputy Parker is therefore entitled to summary judgment on this claim.

## IV. CONCLUSION

Deputy Parker's Motion for Summary Judgment, Dkt. [62], is **GRANTED**. Final judgment shall now enter.

**SO ORDERED.**

Date: 7/8/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Henry Earl Jones, #17398-028
V.O.A.
611 North Capital
Indianapolis, Indiana 46204

Amy Stewart Johnson
FROST BROWN TODD LLC (Indianapolis)
asjohnson@fbtlaw.com

Barry F. McGinley
FROST BROWN TODD LLC (Indianapolis)
bmcginley@fbtlaw.com